HEINEMAN *v.* SULLIVAN.

1. MANDAMUS—TRIAL—EXCEPTIONS—APPEAL.
   Where no exception is taken to the ruling of the court, on the trial of issues in *mandamus*, excluding a claim of set-off, the question is not open to review in the appellate court.

2. SAME—FINDINGS OF FACT.
   Findings of fact by the court on the trial of issues in *mandamus* are conclusive on the appellate court if there is evidence to support them.

*Certiorari* to Monroe; Kinne, J. Submitted May 7, 1901. Decided July 19, 1901.

*Mandamus* by Frank Heineman to compel Daniel F. Sullivan, drain commissioner of Monroe county, to issue

orders for the payment of certain drain contracts. From an order granting the writ, respondent brings *certiorari*. Affirmed.

*Hiram L. Rice*, for relator.

*Willis Baldwin*, for respondent.

HOOKER, J.    The relator entered into three contracts with the respondent, as drain commissioner, upon three distinct drains, known as the " Little Stony Creek Drain," "Little Sandy Creek Drain," and "Roberts Drain," respectively, and claims to have completed the same, and that a balance is his due upon each, which respondent refused to pay.   A petition for *mandamus* to compel the issue of drain orders for the same was filed in the circuit court, an issue of fact was made and heard, and an order determining the amount due relator, and that the writ issue, was entered.   The respondent has removed the cause by *certiorari*.

Two questions are discussed:

*First.* Respondent claims that there was no proof tending to show that the drains were completed or accepted, although the circuit judge found that they were accepted, and, further, that, although accepted, such acceptance does not preclude a refusal to pay if in fact they were not completed.

*Second.* Respondent asserts that he had let another contract to the relator on the " Bunce Drain," taking bond for performance, and that he was afterwards compelled to relet it at a loss of $189, by reason of relator's refusal to do the work contracted.   It is contended that this was a proper set-off to the relator's claim.

Upon the trial of the question of fact, counsel for respondent stated that the issues were two: (1) The question of the completion of the contracts. (2) The nonperformance of the contract on the "Bunce Drain." After a colloquy regarding an admission, relator's counsel refused to admit that the "Bunce Drain" contract was forfeited, and the job resold, and said:

"We do not admit that. We say there was no contract proper. If that is an issue of fact, we shall have to ask for an adjournment, in order to produce witnesses.

"*Mr. Baldwin:* I am willing to try the first issue, and leave the other issue to be tried if it should arise.

"*The Court:* It is agreed that these are separate contracts. For the purpose of this hearing, at present I will rule that the alleged fact on the part of the respondent that there is another contract unperformed, or partially performed, cannot be urged here as an offset to this proceeding, upon the contracts relied upon in this case for recovery.

"*Mr. Baldwin:* I suppose it is admitted that, under the ruling of the court, the only issue is whether or not the contracts under which payment is sought have been completed ?

"*Mr. Rice:* Yes."

No exception was taken to the ruling, and no offer of testimony appears to have been afterwards made. We cannot, therefore, pass upon the question of set-off.

The learned circuit judge found from the proof that the three jobs were accepted as completed. We think that a reasonable construction of the order justifies the conclusion that he determined that the drains were completed according to contract, and we cannot review the question of fact.

The order is affirmed, with costs.

The other Justices concurred.